
# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re SANDRA J. ROBERTS, | Case No. 14-01144<br>Chapter 13 |
| Debtor. | Re: Docket No. 106 |

## ORDER DENYING
## MOTION FOR A STAY PENDING APPEAL

I.  BACKGROUND

This is the second Chapter 13 case filed by Sandra Roberts in as many years. I dismissed the first case[1] in June 2013. Ms. Roberts then filed this case on August 25, 2014.

Under section 362(c)(3), if the debtor files a chapter 13 case and had a previous case dismissed in the preceding one-year period, the automatic stays terminates on the thirtieth day after the filing of the second case unless the debtor proves that the filing of the second case was in good faith and "after notic and a hearing completed

---

[1] Bk. No. 13-01094.

before the expiration of the 30-day period."

On October 2, 2014 (more than thirty days after she filed her second chapter 13 case), Ms. Roberts moved to "impose" the automatic stay on her principal adversary, the Association of Apartment Owners of Liona Kona, Inc. ("AOAO").

I denied the motion. First, she did not prove that she filed the new case in good faith. Second, Ms. Roberts waited too long to file her motion, so the notice and hearing on the motion were not completed during the thirty day period as the statute requires.[2]

I also denied her motion for reconsideration.

The AOAO has since started foreclosure proceedings, and Ms. Roberts appealed my order denying her motion to extend the automatic stay and my order denying her motion for reconsideration.

She has now moved for a stay pending her appeal of my orders. In her motion, she references the foreclosure, an issue about her AOAO's date of incorporation, and a dispute with her title insurance company.

Because she has not met her burden under the applicable standard, her motion is DENIED.

---

[2] Bk. No. 14-01144, dkt. 33.

U.S. Bankruptcy Court - Hawaii   #14-01144   Dkt # 113   Filed 01/26/15   Page 2 of 5

## II. STANDARD

Rule 8005 allows the court to grant a stay pending appeal.[3] Most courts apply the injunctive relief standard.[4] That standard requires that the moving party prove that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.[5] The moving party must prove all four prongs.

## III. DISCUSSION

Ms. Roberts has not met her burden to prove all four prongs.

### A. Likelihood of Success on the Merits

Ms. Roberts is unlikely to succeed on the merits. Under 11 U.S.C. § 362, the automatic stay terminates "on the 30th day after the filing of the case . . . ."[6] The court may extend the stay if a party in interest moves the court to extend it and after "notice and a hearing completed before the expiration of the 30-day period *only if* the party interest" proves by clear and convincing evidence that the later case was in

---

[3] Fed. R. Bankr. P. 8005.

[4] 10-8005 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 8005.08 (16th ed. 2013).

[5] *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013).

[6] 11 U.S.C. § 362(c)(3)(A).

3

U.S. Bankruptcy Court - Hawaii   #14-01144   Dkt # 113   Filed 01/26/15   Page 3 of 5

good faith.[7]

Nothing in her motion for a stay pending appeal persuades me that she will prevail on appeal. Ms. Roberts cannot dispute that her hearing was not completed before the expiration of the 30-day period after she filed this case. Further, she has not proven that she filed this case in good faith.

**B.    Likelihood of Suffering Irreparable Harm**

Ms. Roberts has not proven that she will suffer irreparable harm. The only reference to harm was her foreclosure proceedings. Assuming (for the sake of argument only) that she has valid defenses to the foreclosure, she can assert those issues in a nonbankruptcy forum.

**C.    The Balance of Equities**

The balance of equities does not tip in Ms. Roberts' favor. She has not paid her AOAO fees in at least a year. The letter from the AOAO's attorney suggests that she has been delinquent since 2011. Additional delay would be unfair to the AOAO and the other condominium owners, who must pay more because Ms. Roberts is not paying her share of the condominium's expenses.

**D.    Public Interest**

Ms. Roberts has not proven that a stay pending appeal would be in the public

---

[7] *Id.* §§ 362(c)(3)(B), (C) (emphasis added).

4

U.S. Bankruptcy Court - Hawaii   #14-01144   Dkt # 113   Filed 01/26/15   Page 4 of 5

interest.

## IV. CONCLUSION

For the foregoing reasons, the motion is DENIED.

**END OF ORDER**